MESCH CLARK ROTHSCHILD
259 North Meyer Avenue
Tucson, Arizona 85701
Phone: (520) 624-8886
Fax: (520) 798-1037
Email: fpetersen@mcrazlaw.com
       irothschild@mcrazlaw.com

By:    Frederick J. Petersen, #19944
       Isaac D. Rothschild, #25726
       22003-2/mbt

Attorneys for Debtors

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re | Chapter 11 |
| DAVID K. CROWE and COLLEEN M. CROWE, | No. 4:19-bk-04406-BMW |
| Debtors. | |

**AMENDED CHAPTER 11 PLAN OF REORGANIZATION
DATED AUGUST 2, 2019 PROPOSED BY
DAVID K. CROWE AND COLLEEN M. CROWE**

# TABLE OF CONTENTS

I.  INTRODUCTION ................................................................................................ 1

II. DEFINITIONS, RULES OF INTERPRETATION, COMPUTATION OF TIME......... 1

III.  SUMMARY OF THE PLAN OF REORGANIZATION.......................................... 2

IV.  CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS.............. 5

   A.  Class 1 – Administrative Claims ................................................................ 5

   B.  Classified Claims ....................................................................................... 6

   C.  Cramdown and Absolute Priority Rule ..................................................... 12

   D.  Acceptance or Rejection of the Amended Plan......................................... 13

   E.  Means of Effectuating the Amended Plan................................................. 13

   F.  Total funding of the Plan will total $278,379.80. .................................... 14

   G.  Treatment of Miscellaneous Items ........................................................... 16

V.  EFFECT OF CONFIRMATION ....................................................................... 20

   A.  Overall ...................................................................................................... 20

   B.  Discharge .................................................................................................. 20

   C.  Re-vesting ................................................................................................. 21

   D.  Modification of Amended Plan ................................................................. 21

   E.  Post-Confirmation Conversion/Dismissal................................................. 22

   F.  Post-Confirmation Quarterly Fees ........................................................... 22

VI.  RECOMMENDATION ..................................................................................... 23

# I.   <u>INTRODUCTION</u>

David K. Crowe and Colleen M. Crowe ("Debtors") are the debtors in a Chapter 11 bankruptcy case. On April 12, 2019, the Debtors commenced Chapter 11 proceedings. This document is the *Chapter 11 Amended Plan of Reorganization Dated August 2, 2019 Proposed by David K. Crowe and Colleen M. Crowe* (the "Amended Plan"). Sent to you along with this document is the Amended Disclosure Statement, which has been approved by the United States Bankruptcy Court for the District of Arizona and is provided to help you understand the Amended Plan. This is a reorganization plan. The Debtors seeks to accomplish payments under the Amended Plan by a resolution of claims and a repayment plan for their creditors. The effective date of the proposed Amended Plan is thirty (30) days after an order confirming the Amended Plan becomes final ("Effective Date").

As required by the Bankruptcy Code, the Amended Plan classifies Claims in various Classes according to their right to priority of payments as provided in the Bankruptcy Code. The Amended Plan states whether each Class of Claims is impaired or unimpaired. The Amended Plan provides the treatment each Class will receive under the Amended Plan

The Amended Plan is proposed and filed pursuant to Section 1129 of the United States Bankruptcy Code. The Debtors seek to resolve their Chapter 11 reorganization case and the claims of their creditors with this Amended Plan.

# II.   <u>DEFINITIONS, RULES OF INTERPRETATION, COMPUTATION OF TIME</u>

For purposes of this Amended Plan and the accompanying Amended Disclosure Statement, capitalized terms shall have the meanings as set forth in this Amended Plan or as set forth in the Amended Disclosure Statement. Such meanings are equally applicable to the singular and the plural forms of the defined terms, unless the context otherwise requires. Unless otherwise defined, terms have the meaning assigned to them under title 11 of the United States Code or the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

The rules of construction applicable to the Bankruptcy Code and the Bankruptcy Rules are applicable to the Amended Plan and Amended Disclosure Statement.

In computing any period of time prescribed or allowed by the Amended Plan, the provisions of Bankruptcy Rule 9006(a) shall apply.

## III. <u>SUMMARY OF THE PLAN OF REORGANIZATION</u>

The goal of the Amended Plan is for the Debtors to make payments over time from their exempt assets, and from a new business venture. This will allow the Debtors to repay creditors.

All claims and interests are placed into classes as set forth herein. A claim or interest is placed in a particular class, only to the extent that the claim or interest falls within the description of that class and is classified in all other classes to the extent that any portion of the claim or interest falls within the description of such other class.

A claim or interest is placed in a particular class for all purposes, including voting on the Amended Plan, confirmation, and receiving distributions pursuant to the Amended Plan, only to the extent that such claim or interest is an Allowed Claim in that class, and such claim has not been paid, released, or otherwise settled prior to the effective date which shall be thirty (30) days after an order confirming the Amended Plan becomes final ("Effective Date"). The voting rights of each class are as follows:

| Class | Description | Status | Voting Rights |
|-------|-------------|--------|---------------|
| **1** | Administrative Claims | Unimpaired | Not entitled to vote |
| **2** | Secured Claim of Quicken Loans | Unimpaired | Not entitled to vote |
| **3** | Secured Claim of USAA (Residence) | Impaired | Entitled to vote |
| **4** | Secured Claim of USAA (Vehicle) | Impaired | Entitled to vote |
| **5** | Secured Claim of Jeremy Nicolaides | Impaired | Entitled to vote |
| **6** | Secured Claims of Kenneth Braccio, Michael Sherwood, and Elden Crom | Impaired | Entitled to vote |

| 7 | Priority Tax Claims | Impaired | Entitled to vote |
| 8 | General Unsecured Claims | Impaired | Entitled to vote |

Monetary funding of the Amended Plan will come from the current assets of the Debtors and future operations. Mr. Crowe is employed by the start-up entity, EnerTech-AI Texas, LLC. As an employee, Mr. Crowe will be paid a salary of $200,000.00 per year. This salary will allow the Debtors to make their Amended Plan payments by contributing their Disposable Income for five years. Additionally, the Debtors will pledge $50,000.00 of their otherwise exempt assets to make Effective Date payments. Allowed claims of the Debtors will be paid from these sources.

Following is a summary of the proposed payments to creditors under the Amended Plan:

| Class | Creditors | Payment Terms |
|---|---|---|
| 1 | Administrative Claimants | To be paid on the Effective Date or as otherwise agreed by such Claimants |

| Class | Creditors | Description of Collateral | Payment Terms |
|---|---|---|---|
| 2 | Quicken Loans | 3650 W. Camino Christy, Tucson, Arizona 85742 | Monthly principal and interest according to loan terms--Unchanged from contractual terms |
| 3 | USAA | 3650 W. Camino Christy, Tucson, Arizona 85742 | Monthly principal and interest at 5% per annum, amortized over 15 years |

| Class | Creditor | Description of Collateral | Collateral Value and Basis of Valuation | Payment Terms |
|---|---|---|---|---|
| 4 | USAA | 2016 Toyota Tacoma | $12,469.00 (Blue Book) | Secured Claim equal to current value--Monthly payments for 60 months at 5% interest |

3

| Class | Creditors | Collateral | Amount Due | Interest Rate | Monthly Payment | Term |
|-------|-----------|------------|------------|---------------|-----------------|------|
| **5** | Jeremy Nicolaides | Hyster Life Truck Model H80XM | $1,575.00 | 5% | $69.10 | 24 months |
| **6** | Kenneth Braccio, Michael Sherwood, and Elden Crom | Welding Table, Work Benches, sensors, air compressor, generator, band saw, drill press, grinders, shelving units, refrigerator, valves, high volume water strainer, 12 CAN communication hubs | $20,000.00 | 5% | $377.42 | 60 months |

| Class | Creditors | Amount Owed and Tax Period | Payment Terms |
|-------|-----------|----------------------------|---------------|
| **7** | Internal Revenue Service | Claim filed for $33,100 for Tax Year 2018 | Repay allowed claim in full with 5% interest amortized over 60 equal monthly payments. |
| **7** | ADOR | Claim filed for $1,728.60 | Repay allowed claim in full with 5% interest amortized over 60 equal monthly payments. |

| Class | Creditors | Payment Terms |
|-------|-----------|---------------|
| **8** | Unsecured Claimants | Pro rata share of $10,000 Effective Date Payment plus pro rata share of projected non-disposable income payments after payment of higher priority claims, to be paid on the 15th day following each calendar quarter starting on the first full month following the Effective Date.  The first quarterly payment and last quarterly payment will be prorated depending on the Effective Date relative to such calendar quarter. In addition, 25% of all gross proceeds recovered from claims against Turbine Powered Technology, Tucson Embedded Systems, and Brew. |

# IV.    CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

**A.** Class 1 – Administrative Claims

Administrative Expenses are Claims for costs or expenses of administering Debtors' Chapter 11 case, which are allowed under Bankruptcy Code §503(b). Fees payable to the Clerk of the Bankruptcy Court and the Office of the United States Trustee were also incurred during the Chapter 11 Case and are considered Administrative Expenses.

The Bankruptcy Code requires that all administrative expenses be paid on the Effective Date of the Amended Plan, unless a particular claimant agrees to different treatment. The Bankruptcy Court must approve all professional compensation and expenses.

Each Professional Person requesting compensation in the case pursuant to Bankruptcy Code §§327, 328, 330, 331, 503(b) and/or 1103 shall file an application for allowance of final compensation and reimbursement of expenses not later than sixty (60) days after the Confirmation Date.

Nothing herein shall prohibit each Professional Person from requesting interim compensation during the course of this case pending Confirmation of the Amended Plan. No motion or application is required to fix fees payable to the Clerk's Office or the Office of the United States Trustee, as those fees are determined by statute.

The Administrative Claims to be paid on the Effective Date, or as otherwise agreed by such Claimants are anticipated to total approximately $125,000.00 and are broken down as follows:

| Description | Estimate |
|---|---|
| Debtors' Estimated Administrative Attorneys' Fees and Costs After Applying Retainer | $50,000.00 |
| Debtors' Estimated Adversary Attorney Fees and Costs | $50,000.00 |
| Debtors' Estimated Administrative Case U.S. Trustee Quarterly Fees | $1,300.00 |

5

| | |
|---|---|
| Committee's Estimated Administrative Case Attorneys' Fees and Costs | $25,000.00[1] |
| **Estimated Total** | **$126,300.00** |

### B. Classified Claims

1. Classes of Secured Claims

Secured Claims are Claims secured by liens on property of the estate.

The following represents all Classes containing pre-petition Secured Claims and their treatment under the Amended Plan.

### Class 2—Secured Claim of Quicken Loans Against Residence

| Class | Name of Creditor | Description of Collateral | Payment Terms |
|---|---|---|---|
| **2** | Quicken Loans | 3650 W. Camino Christy, Tucson, Arizona 85742 | Monthly principal and interest according to loan terms--Unchanged from contractual terms |

Quicken Loans holds a valid first position purchase money lien against the Debtors' residence located at 3650 W. Camino Christy, Tucson, AZ 85742 in the approximate amount of $140,167.76.

*The Class 2 claim of Quicken Loans will be allowed in its outstanding amount and repaid according to its terms. This Creditor's legal, equitable, and contractual rights remain unchanged with respect to the above collateral. Quicken Loans will continue to be paid according to its contractual terms, with no changes, until paid in full.*

**The Class 2 Quicken Loans Secured Claim is not Impaired and is not entitled to vote**.

---

[1] This is an estimate from the Debtors as to reasonable fees and costs for Committee Counsel. Committee Counsel provided an estimate of fees and costs totaling $100,000, which the Debtors do not believe reasonable, and reserve all rights to contest reasonableness of if later asserted in that amount.

6

### Class 3—Secured Claim of USAA Against Residence

| Class | Name of Creditor | Description of Collateral | Payment Terms |
|-------|------------------|--------------------------|---------------|
| 3 | USAA | 3650 W. Camino Christy, Tucson, Arizona 85742 | Monthly principal and interest at 5% per annum, amortized over 15 years |

USAA holds a valid second position lien against the Debtors' residence located at 3650 W. Camino Christy, Tucson, AZ 85742 in the approximate amount of $120,694.97. The lien arose from a home equity line of credit. The loan currently calls for monthly interest only payments and must be renewed annually.

*The Class 3 Claim of USAA will be converted to a fixed rate, fully amortizing loan. USAA will be repaid, in full, with interest at the rate of 5% per annum. USAA will be paid monthly principal and interest payments, amortized over a 15-year period.*

**The Class 3 USAA Secured Claims is Impaired and entitled to vote**.

### Class 4—Secured Claim of USAA against Toyota Tacoma

| Class | Name of Creditor | Description of Collateral | Collateral Value and Basis of Valuation | Payment Terms |
|-------|------------------|--------------------------|------------------------------------------|---------------|
| 4 | USAA | 2016 Toyota Tacoma | $12,469.00 (Debtor's Opinion of Value based on wear and tear) | Secured Claim equal to current value-- Monthly payments for 60 months at 5% interest |

USAA holds a valid lien against the Debtors' 2016 Toyota Tacoma in the approximate amount of $22,967.05. Debtors contend the value of 2016 Toyota Tacoma is less than the amount of the Claim.

*The Class 4 Claim of USAA will be allowed and paid in an amount equal to the value of the 2016 Toyota Tacoma, as established by Bankruptcy Court order or by stipulation of*

7

*the Parties. The Debtors assert the current value is $12,469.00. The Debtors will pay the allowed Secured Claim in full with interest at a rate of 5% per annum from the Effective Date through 60 equal monthly payments. Payments will be due on the 15th day of the month, starting on the first full month following the Effective Date. Any remaining amount due to USAA will be allowed and treated as a General Unsecured Claim and will be treated in Class 8 below.*

**The Class 4 Claim of USAA is Impaired and entitled to vote**.

<u>**Class 5 Secured Claim of Jeremy Nicolaides against Hyster Lift Truck**</u>

| Class | Name of Creditor | Collateral | Amount Due | Interest Rate | Monthly Payment | Term |
|-------|------------------|------------|------------|---------------|-----------------|------|
| **5** | Jeremy Nicolaides | Hyster Lift Truck Model H80XM | $1,575.00 | 5% | $69.10 | 24 months |

Mr. Nicolaides holds a valid first position lien against the Hyster Lift Truck Model H80XM in the amount of $1,575.00. Mr. Crowe uses this equipment in the businesses that he owns. The loan calls for monthly interest only payments with the principal payable on demand.

*The Class 5 Secured claim of Mr. Nicolaides will be allowed and repaid over a fixed term. The Debtors will pay the allowed Secured Claim in full with interest at a rate of 5% per annum from the Effective Date through 24 equal monthly payments. Payments will be due on the 15th day of the month, starting on the first full month following the Effective Date.*

**The Class 5 Claim of Jeremy Nicolaides is Impaired and entitled to vote**.

## Class 6 Secured Claim of Kenneth Braccio, Michael Sherwood, and Elden Crom

| Class | Name of Creditor | Collateral | Amount Due | Interest Rate | Monthly Payment | Term |
|---|---|---|---|---|---|---|
| Class 6 | Kenneth Braccio, Michael Sherwood, and Elden Crom | Welding Table, Work Benches, sensors, air compressor, generator, band saw, drill press, grinders, shelving units, refrigerator, valves, high volume water strainer, 12 CAN communication hubs ("Tools") | $20,000.00 | 5% | $377.42 | 60 months |

Mr. Braccio, Mr. Sherwood, and Mr. Crom hold a valid first position lien against various tools and equipment owned by the Debtors in the amount of $20,000.00. Mr. Crowe uses this equipment in the businesses that he owns. The loan calls for monthly interest only payments that are due on demand.

*The Class 6 Secured claim of Mr. Braccio, Mr. Sherwood, and Mr. Crom will be allowed and repaid over a fixed term. The Debtors will pay the allowed Secured Claim in full with interest at a rate of 5% per annum from the Effective Date through 60 equal monthly payments. Payments will be due on the 15th day of the month, starting on the first full month following the Effective Date.*

**The Class 6 Claim of Kenneth Braccio, Michael Sherwood, and Elden Crom is Impaired and entitled to vote**.

2.      Classes of Unsecured Claims

## Class 7 Priority Tax Claims

Priority Tax Claims are Claims of governmental units for certain income, employment, and other taxes described under Bankruptcy Code §507(a)(8). These Claims

9

are entitled to priority and must be paid pursuant to Bankruptcy Code §§1129(a)(9)(C) and (D). These Claims are to be treated as follows:

| Class | Name of Creditor | Claimed Amount Owed and Tax Period | Payment Terms |
|-------|------------------|-------------------------------------|---------------|
| 7 | Internal Revenue Service | Claim filed for $33,100 for Tax Year 2018 | Repay allowed claim in full with 5% interest amortized over 60 equal monthly payments (approximately $622.75 per month). |
| 7 | ADOR | Claim Filed for $1,728.60 | Repay allowed claim in full with 5% interest amortized over 60 equal monthly payments. |

The Class 7 Priority Tax claims consist of any tax amounts owing for tax years 2018. The Debtors filed an extension, so have not yet filed their 2018 tax returns. Such claims will be allowed in amounts owed upon completion of such returns.

*The Class 7 Allowed Priority Tax Claims of the IRS and the ADOR will be allowed and paid in full along with interest at a rate of 5% per annum from the Effective Date through 60 equal monthly payments. Payments will be due on the 15th day of the month, starting on the first full month following the Effective Date.*

**These Claims are Impaired and Entitled to Vote.**

10

**Class 8 General Unsecured Claims**

General Unsecured Claims are not entitled to priority under Bankruptcy Code §507(a). General Unsecured Claims include various unsecured obligations, as well as various obligations arising from ongoing litigation. General Unsecured Claims are only entitled to be treated under this Class 8 when such claims are allowed, either by agreement of the Debtors, or a final order which is not subject to appeal, from the Bankruptcy Court. Total Scheduled and filed general unsecured claims are $30,573,198.66. $30,334,536.82 of such total represent disputed claims filed by Tucson Embedded Systems and Turbine Powered Technology. In addition to disputing these claims, the Debtors have asserted claims against such creditors which will also offset any claim by such parties. The Debtors believe allowable claims will total less than $200,000.

*Allowed Class 8 General Unsecured Claims will be paid from contributions of the Debtors over a period up to 5 years. Debtors will commit all of their projected non-disposable income for the next 60 months of $2,456.33 per month to payment of creditors. Such amounts will be used to pay any outstanding administrative expenses, then pay priority unsecured creditors (approximately $657.26 per month), and then distributed pro rata to General Unsecured Creditors. General Unsecured Creditors are expected to receive approximately $107,935.20 plus an Effective Date payment of at least $10,000.00 for a total of $117,935.20. To the extent additional Effective Date cash is available, it will also be paid to General unsecured Creditors.*

*Significant benefit is also contributed through the claim disallowance process related to claims filed by Tucson Embedded Systems and Turbine Powered Technology. In addition, General Unsecured Claims will be paid 25% of all gross proceeds recovered from the claims against Turbine Powered Technology, Tucson Embedded Systems, and Brew, as described in Section II.D above. Allowed General Unsecured Creditors will be paid from quarterly distributions of approximately $5,397.21 per quarter. If the Debtors make a*

*greater payment in any quarter, such overpayment amount will credit against the last payments due under the Amended Plan, such that additional payments shorten the repayment period.*

*General Unsecured Claims will be entitled to a pro rata share of each quarterly distribution. If all General Unsecured Claims are paid in full before $117,935.20 plus 25% of gross litigation proceeds are distributed to this class of creditors, payments will continue as if such claims accrued interest at a rate of 4% per annum from the Effective Date.*

*To the extent any General Unsecured Claims are not yet allowed, the Debtors will ask the Court to estimate those claims and the related pro-rata distribution for such claims will be held in a trust account until those claims are allowed at which time they will be distributed to the claimholder or disallowed at which time they will be distributed pro-rata to the remaining allowed claim holders.*

*Payments will be due on the 15th day following each calendar quarter, starting on the first full month following the Effective Date. The first and last quarterly payments will be prorated depending on the Effective Date relative to such calendar quarter.*

**Class 8 General Unsecured Claims are Impaired and entitled to vote.**

### C. Cramdown and Absolute Priority Rule

If a Class of Creditors does not accept the Amended Plan, Debtors will seek to obtain Confirmation through the cramdown provisions of Bankruptcy Code §1129(b). This means that the Amended Plan must be fair and equitable to the Class that does not accept the Amended Plan. The test for whether the Amended Plan is fair and equitable is found under Bankruptcy Code §1129(b).

The balance of this section only applies if a Class of Unsecured Claims does not accept the Amended Plan. In that instance, Debtors will seek Confirmation of the Amended Plan pursuant to Bankruptcy Code §1129(b). The Absolute Priority Rule is contained in

Bankruptcy Code §1129(b)(2)(B).[2] If a Class of Unsecured Claims has not voted to accept the Amended Plan, the Absolute Priority Rule provides that Debtors may not retain property unless the holders of Claims in the Class are paid in full or unless a New Value Contribution is paid by the Debtors to aid confirmation of the Amended Plan.

As a New Value Contribution, and to aid confirmation of their Amended Plan, the Debtors will contribute not less than $50,000.00 from other exempt assets and commit all projected disposable income for five years to pay its creditors.

### D.  Acceptance or Rejection of the Amended Plan

Each Impaired Class of Creditors with Claims against Debtors' estate shall be entitled to vote separately to accept or reject the Amended Plan. A Class of Creditors shall have accepted the Amended Plan if the Amended Plan is accepted by at least two-thirds in the aggregate dollar amount and more than one-half in number of holders of the Allowed Claims of such Class that have voted to accept or reject the Amended Plan.

In the event that any Impaired Class of Creditors shall fail to accept the Amended Plan in accordance with Bankruptcy Code §1129(a), the Proponent reserves the right to request that the Bankruptcy Court confirm the Amended Plan in accordance with Bankruptcy Code §1129(b).

### E.  Means of Effectuating the Amended Plan

The Amended Plan will be funded by the following:

1.  Net Cash from liquidating non-exempt stock and brokerage accounts, after deducting 20% to pay estimated capital gains taxes. Such amount is anticipated to total approximately $40,000;

---

[2] The 9th Circuit Court of Appeals has determined that the Absolute Priority Rule applies to individual chapter 11 cases. See *In re Zachary*, 811 F. 3d 1191 (9th Cir. 2016).

2.     Cash from the Debtors' accounts, after reserving $25,000 for future business operations. Such amount is expected to total $41,000.

3.     $50,000.00 of cash contributed by the Debtors raised from encumbering or liquidating otherwise exempt assets, all of which is new value from the Debtors, and will be made available to make Effective Date Payments;

4.     Projected disposable income from the 60 months following the Effective Date of not less than $147,379.80, or until all claims are paid in full whichever comes first.  Projected disposable income is calculated and set forth in greater detail in the attached Exhibit 4.

**F.  Total funding of the Plan will total $278,379.80.**

5.     Retained Assets

a.   Non-Exempt Assets Retained by the Debtors

| **Asset Description** | **Approximate Liquidation Value** |
|---|---|
| Home Equity in excess of $150,000 homestead Exemption | $38,365.69 |
| 2016 Toyota Tacoma | $0.00 |
| Boat | $500.00 |
| Tools | $0.00 |
| Checking and Savings Accounts | $25,000.00 |
| Hyster Lift Truck | $6,425.00 |
| Brokerage Account | $00 |
| Southwest Airlines Stock | $00 |
| 100% Interest in CE-Systems, Inc | $0.00 |
| 100% Interest in Arizona Turbine Technology, Inc. | $0.00 |
| 40% Interest in EnerTech-AI Texas, LLC | $0.00 |

14

| | |
|---|---|
| 100% Interest in Vida Gasline, LLC | <u>$35,500.00</u> |
| Other Personal Property | <u>$500.00</u> |
| **Total:** | **$106,290.69** |

b. Exempt Assets Retained by the Debtors

| <u>Asset Description</u> | <u>Equity Value</u> |
|---|---|
| Home Equity-Debtors' Residence located at: 3650 W Camino Christy, Tucson, AZ | $150,000.00 |
| 2012 MKZ-Hybrid with 123,000 miles | $3,205.00 |
| 2009 Toyota Tacoma with 150,000 miles | $4,000.00 |
| Household Furnishings | $3,000.00 |
| Household Electronics | $1,000.00 |
| Clothing | $500.00 |
| Jewelry | $400.00 |
| Animals | 0.00 |
| Tools | $12,000 |
| Retirement Accounts | <u>$510,386.56</u> |
| **Total:** | **$681,286.56** |
| **(Subject to $50,000 New Value Contribution)** | |

6. Feasibility

The feasibility of Debtors Amended Plan is set forth in Exhibit 4 to the Amended Disclosure Statement.

7. Liquidation Analysis

An analysis of the liquidation values and expenses is attached to the Amended Disclosure Statement as Exhibit 5.

8. Disbursing Agents

15

Debtors will serve as the Disbursing Agents without compensation and without posting a bond.

### G. Treatment of Miscellaneous Items

1. Executory Contracts and Unexpired Leases

a) Assumptions

The Debtors are not aware of any executory contracts that they are a party to.

On the Effective Date, any of the unexpired leases and executory contracts that have not previously been assumed shall be deemed rejected, subject to the right of the Debtors to seek authority to assume such contracts upon becoming aware of the same. **If you are a party to a lease or contract to be assumed and you object to the assumption of your lease or contract, you must file and serve your objection to the Amended Plan within the deadline for objecting to the Confirmation of the Amended Plan.**

b) Claims Bar Date for Rejected Contracts and Leases

On the Effective Date, all executory contracts not assumed shall be deemed to be rejected. The Order confirming the Amended Plan shall constitute an order approving the rejection of the leases or contracts that have not previously been rejected. If you are a party to a contract or lease to be rejected and you object to the rejection of your contract or lease, you must file and serve your objection to the Amended Plan within the deadline for objecting to the Confirmation of the Amended Plan. **THE BAR DATE FOR FILING A PROOF OF CLAIM BASED ON A CLAIM ARISING FROM THE REJECTION UNDER THE PLAN OF A LEASE OR CONTRACT IS THIRTY (30) DAYS FROM THE EFFECTIVE DATE OF THE PLAN**. Any Claim based on the rejection of executory contracts or unexpired leases will be barred if the proof of Claim is not timely filed, unless the Bankruptcy Court later orders otherwise.

c) Retention of Jurisdiction

16

Notwithstanding confirmation or the Effective Date having occurred, the Court shall retain and have full jurisdiction as is allowed under Title 28 of the United States Code, the Bankruptcy Code, or other applicable law to enforce the provisions, purposes, and intent of the Amended Plan, including, without limitation, any proceedings related to:

a) Determination of the allowance, classification, or priority of claims and interests, costs, attorney's fees, and payment of post-petition interest, or objections thereto;

b) Construing, implementing, enforcing, executing, or consummating the Amended Plan, the confirmation order, any other order of the Court, any document attached as an exhibit to the Amended Plan or contemplated by the Amended Plan, or any other matter referred to in the Amended Plan;

c) Determination of all matters that are pending before the Court in the Chapter 11 Case prior to the Effective Date or that may arise after the Effective Date;

d) Determination of any and all applications for allowance or requests for payment of administrative claims, including, without limitation, requests for allowance and payment of compensation and expense reimbursement of professional persons;

e) Determination of motions for the rejection, assumption, or assignment of executory contracts or unexpired leases, and determination of the allowance of any claims resulting from the rejection of executory contracts and unexpired leases;

f) Determination of all applications, motions, adversary proceedings, contested matters, and any other litigated matters instituted prior to the closing of the Chapter 11 Case;

g) Modification of the Amended Plan pursuant to §1127 of the Bankruptcy Code, prior to the Effective Date, remedy of any defect or omission in the Amended Plan or confirmation order, reconciliation of any inconsistency within the

17

Amended Plan and the loan documents, so as to carry out the intent and purpose of the loan documents;

h) Issuance of injunctions or taking such other actions or making such other orders as may be necessary or appropriate to restrain interference with the Debtors by any party with the Amended Plan or its execution or implementation by any person, including the interference of the business of EnerTech-AI Texas, LLC because of the involvement of David K. Crowe for any claims or causes of action that arose pre-petition;

i) Issuance of such orders in aid of consummation of the Amended Plan and the confirmation order, notwithstanding any otherwise applicable non-bankruptcy law, with respect to any person, to the full extent authorized by the Bankruptcy Code;

j) Ordering the assumption or rejection of executory contracts or leases to which the Debtors are a party, which have not previously been resolved;

k) Any determination necessary or appropriate under §505 of the Bankruptcy Code or any other determination relating to priority tax claims, taxes, tax refunds, tax attributes, and tax benefits affecting the Debtors, their estate, or the Property through the end of the fiscal year in which the Effective Date occurs;

l) Entry of a final decree closing this Chapter 11 Case;

m) Determination of such other matters, and for such other purposes, as may be provided in the confirmation order;

n) The Bankruptcy Court shall retain jurisdiction of this case pursuant to the provisions of the Bankruptcy Code, pending the final allowance or disallowance of all Claims affected by the Amended Plan; and

o) In addition, the Bankruptcy Court shall retain jurisdiction to implement the provisions of the Amended Plan in the manner as provided under Bankruptcy Code §1142(a)-(b). If the Bankruptcy Court abstains from exercising, or declines to exercise

18

jurisdiction, or is otherwise without jurisdiction over any matter set forth in this Section, or if Debtors or the Reorganized Debtors elect to bring an action or proceeding in any other forum, then this Section shall have no effect upon and shall not control, prohibit or limit the exercise of jurisdiction by any other court, public authority or commission having competent jurisdiction over such matters.

d)    Procedures for Resolving Contested Claims

**If Debtors disagree with the amount of any secured or unsecured claim, Debtors must separately file an objection to any claim they are not accepting**. Objections to Secured Claims must be filed prior to the deadline for filing objections to Confirmation. Objections to Unsecured Claims, except for those Claims more specifically deemed Allowed in the Amended Plan, may be filed by Reorganized Debtors or any party in interest up to and including sixty (60) days following the entry of the Confirmation Order. With respect to disputed Claims, the Disbursing Agents will hold in a separate interest-bearing reserve account such funds as would be necessary to make the required distribution on the Claim as listed either in Debtors' schedules or the filed proof(s) of claim or as otherwise estimated by the Court.

e)    Notices Under the Amended Plan

All notices, requests or demands with respect to this Amended Plan shall be in writing and shall be deemed to have been received within five (5) days of the date of mailing, provided they are sent by U.S. mail, postage prepaid by Debtors to the address identified in a party's proof of claim filed in this case and to the address identified in a party's notice of appearance filed with the Court, and if sent to the Debtors, addressed to: Isaac D. Rothschild , Mesch Clark Rothschild, 259 N. Meyer Avenue, Tucson, Arizona 85701.

19

## V. EFFECT OF CONFIRMATION

### A. Overall

From and after entry of the Confirmation Order, the Amended Plan will be binding on and inure to the benefit of the Debtors, and all present and former holders of Claims and Equity Interests. Except as otherwise provided in the Amended Plan or the Confirmation Order, the Confirmation Order acts as a discharge, effective as of the Effective Date, of any and all debts of the Debtors that arose at any time before the entry of the Confirmation Order, including, but not limited to, all principal and any and all interest accrued thereon, pursuant to Bankruptcy Code §§524 and 1141(d)(1). The discharge of the Debtors shall be effective as to each claim, regardless of whether a proof of claim thereof was filed, whether the claim is an Allowed Claim or whether the holder thereof votes to accept the Amended Plan. Except as otherwise provided herein, upon the Effective Date, all such holders of claims and equity interests and their affiliates will be forever precluded and enjoined, pursuant to Bankruptcy Code §§105, 524, and 1141, from prosecuting or asserting any such discharged claim against the Debtors or the Reorganized Debtors, or against any of their assets or properties, any other or further claim or equity interests based upon any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date, whether or not such holder has filed a proof of claim or proof of equity interest.

### B. Discharge

Under Bankruptcy Code §141(d)(5), Debtors will not be discharged from any debts unless and until: (i) Debtors complete all payments under the Amended Plan and obtain an order of the Bankruptcy Court granting a discharge (ii) the Bankruptcy Court grants a limited ("hardship") discharge as allowed under Bankruptcy Code §1141(d)(5)(B); or (ii) the Bankruptcy Court orders otherwise for cause. Notwithstanding the other terms of this paragraph—non-dischargeable debts under Bankruptcy Code §523 will not be discharged.

If confirmation of the Amended Plan does not occur, the Amended Plan shall be deemed null and void.  In such event nothing contained in this Amended Plan shall be deemed to constitute a waiver or release of any Claims against the Debtors or their estate or any other persons, or to prejudice in any manner the rights of Debtors or their estate or any person in any further proceeding involving the Debtors or their estate.  The provisions of the Amended Plan shall be binding upon Debtors and all creditors, regardless of whether such claims are impaired or whether such parties accept the Amended Plan, upon confirmation thereof.

### C.  Re-vesting

Upon the Effective Date, all Assets of the Debtors will re-vest in the Reorganized Debtors, free and clear of all liens, claims, and encumbrances other than as expressly provided for in the Amended Plan. After the Effective Date, the Reorganized Debtors shall implement the Amended Plan as provided for herein and in the Debtors' Amended Disclosure Statement.  After the Effective Date, the Reorganized Debtors shall be further responsible for (a) making all payments contemplated under the Plan, (b) making all reporting and other filings as required by the United States Trustee, and (c) closing the Chapter 11 case.

### D.  Modification of Amended Plan

This Amended Plan may be modified upon application of the Debtors or corrected prior or subsequent to Confirmation, or prior to consummation, after notice and hearing, as provided by law including without limitation 11 U.S.C. §1127. The Debtors may modify the Amended Plan at any time before Confirmation. The Bankruptcy Court, however, may require a new disclosure statement or re-voting on the Amended Plan if the Debtors modify the Amended Plan before Confirmation. The Debtors may also seek to modify the Amended Plan at any time after Confirmation as long as:  (i) the Amended Plan has not been

substantially consummated; and (ii) the Bankruptcy Court authorizes the proposed modification after notice and a hearing.

### E.  Post-Confirmation Conversion/Dismissal

A creditor or party in interest may bring a motion to convert or dismiss the case under Bankruptcy Code §1112(b), after the Amended Plan is confirmed, if there is a default in performing under the Amended Plan. If the Bankruptcy Court orders the case converted to Chapter 7 after the Amended Plan is confirmed, then all property that had been property of the Chapter 11 estate, and that has not been disbursed pursuant to the Amended Plan, will re-vest in the Chapter 7 estate, and the automatic stay will be re-imposed upon the re-vested property only to the extent that relief from stay was not previously granted by the Bankruptcy Court during this case.

### F.  Post-Confirmation Quarterly Fees

Quarterly fees pursuant to 28 U.S.C. §1930(a)(6) continue to be payable to the office of the United States Trustee post-Confirmation until such time as the case is converted, dismissed, or closed pursuant to a final decree.

22

## VI. **RECOMMENDATION**

The Debtors recommend that the Amended Plan be approved as it is in the best interest of this Estate and their creditors.

DATED: August 2, 2019

_____s/ David M. Crowe_____
DAVID M. CROWE

_____s/ Colleen M. Crowe_____
COLLEEN M. CROWE

MESCH CLARK ROTHSCHILD

By ___Frederick J. Petersen, # 19944_____
     Frederick J. Petersen
     Isaac D. Rothschild
     Attorneys for Debtors

Notice of Electronic Filing ("NEF") electronically served on the date of filing upon the registered CM/ECF Users herein as evidenced by the NEF.

Copy emailed August 2, 2019 to:

| | |
|---|---|
| Synchrony Bank<br>c/o PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541<br>E-mail: claims@recoverycorp.com | Turbine Powered Technology, LLC<br>c/o Its Managing Member, Ted McIntye, II<br>298 Louisiana Road, Port of West St. Mary<br>Franklin, LA 70538<br>Email: legal@marineturbine.com |
| D.C. Panagiotis<br>The Panagiotis Firm<br>1540 W. Pinhook Rd.<br>Lafayettte, LA 70503<br>Email: dan@panalaw.com<br>Attorneys for Turbine Powered Technology, LLC | |

26G0628