# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

## Minute Entry

*Hearing Information:*

| | |
|---:|:---|
| **Debtor:** | DAVID K. & COLLEEN M CROWE |
| **Case Number:** | 4:19-BK-04406-BMW    **Chapter:** 11 |
| **Date / Time / Room:** | THURSDAY, OCTOBER 24, 2019 10:00 AM   COURTROOM 446 |
| **Bankruptcy Judge:** | BRENDA M. WHINERY |
| **Courtroom Clerk:** | REBECCA VOLZ |
| **Reporter / ECR:** | RHIANNA DOMINGUEZ |

*Matters:*

1) INITIAL HEARING RE: CONFIRMATION OF DEBTORS' FIRST AMENDED CHAPTER 11 PLAN DATED 08/02/2019 (RESCHEDULED FROM 10/09/19) (RESCHEDULED FROM 10/23/19)
   R / M #:    129 /  0

2) PRELIMINARY HEARING ON THE MOTION FOR RELIEF FROM STAY FILED BY TURBINE POWERED TECHNOLOGY, LLC RE: LITIGATION IN LOUISIANA STATE COURT (CASE NO. 130379 DIV. F) (RESCHEDULED FROM 10/23/19)
   R / M #:    144 /  0

3) ADV: 4-19-00260
   **Turbine Powered Technology, LLC vs DAVID K. CROWE**
   INITIAL RULE 7016 SCHEDULING CONFERENCE (RESCHEDULED FROM 10/09/19) (RESCHEDULED FROM 10/23/19)
   R / M #:    3 /  0

*Appearances:*

FRED PETERSEN, REPRESENTING DAVID AND COLLEEN CROWE AND APPEARING IN PERSON
DAVID CROWE, APPEARING IN PERSON
COLLEEN CROWE, APPEARING IN PERSON
KASEY NYE, REPRESENTING TUCSON EMBEDDED SYSTEMS, INC. ("TES") AND APPEARING IN PERSON
TODD JACKSON, REPRESENTING TUCSON EMBEDDED SYSTEMS, INC. ("TES") AND APPEARING IN PERSON
ADAM NACH, REPRESENTING TURBINE POWER TECHNOLOGY, LLC ("TPT") AND APPEARING IN PERSON
HOLDEN HOGGATT, REPRESENTING TURBINE POWER TECHNOLOGY, LLC ("TPT") AND APPEARING IN PERSON
BRADLEY STEVENS, REPRESENTING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND APPEARING BY VIDEO

Page 1 of 8

Case 4:19-bk-04406-BMW    Doc 195    Filed 10/24/19    Entered 11/14/19 16:39:09    Desc
Main Document    Page 1 of 8    11/14/2019   4:38:49PM

# Minute Entry

(continue)...   4:19-BK-04406-BMW          THURSDAY, OCTOBER 24, 2019 10:00 AM

*Proceedings:*

ITEM 1: INITIAL HEARING RE: CONFIRMATION OF DEBTORS' FIRST AMENDED CHAPTER 11 PLAN DATED 08/02/2019

ITEM 2: PRELIMINARY HEARING ON THE MOTION FOR RELIEF FROM STAY FILED BY TURBINE POWERED TECHNOLOGY, LLC RE: LITIGATION IN LOUISIANA STATE COURT (CASE NO. 130379 DIV. F)

ITEM 3: TURBINE POWERED TECHNOLOGY, LLC. VS. DAVID K. CROWE - INITIAL RULE 7016 SCHEDULING CONFERENCE

**ITEM 1**

Mr. Petersen provides a summary of the October 4, 2019 Ballot Report. Counsel states that there are three impaired accepting classes of creditors, and two rejecting classes of creditors.

Mr. Petersen reports that a motion to approve a 9019 settlement resolving both USAA's treatment under the plan and its objection to confirmation has been filed with the Court. The settlement resolves both USAA's treatment under the plan and its objection to confirmation.

The unsecured creditors are the other non-consenting class. Three rejection ballots were filed by unsecured creditors, specifically by TES, TPT and Lindsay Brew. All three are members of the Committee, and are joined by Mr. Stevens in filing objections to the plan. Attempts to reach a settlement with the Committee as a whole have not been successful. Mr. Petersen further raises concerns over these three creditors, and the actions of the Committee, with regard to the administrative solvency of this case.

The Committee filed a motion to designate ballots of two impaired consenting creditors, Class 6 creditors Ken Braccio and Jeremy Nicolaides, along with Class 8 unsecured ballot of Arizona Turbine Technology. Mr. Petersen states that, even if successful, the Debtors still have two impaired consenting classes of creditors, USAA and a priority tax claim of AZDOR. He further states that the settlement with USAA brings in another impaired accepting class.

The Debtors believe that this case is ready to proceed towards a contested confirmation.

An objection was filed by the Committee, with joinders in the objection filed by TES and Mr. Brew, both members of the Committee. Mr. Petersen believes that the Committee's objection with regard to inadequate disclosure for the voting process has already been overruled. The remainder of the objections by the Committee deal with feasibility, good faith, and the §

Page 2 of 8

Case 4:19-bk-04406-BMW   Doc 195   Filed 10/24/19   Entered 11/14/19 16:39:09   Desc
Main Document    Page 2 of 8                                                 11/14/2019   4:38:49PM

# Minute Entry

(continue)...    4:19-BK-04406-BMW              THURSDAY, OCTOBER 24, 2019 10:00 AM

1129(a)(15) treatment for individuals in chapter 11.

TPT, a third member of the Committee, filed an objection stating that the plan is not feasible, that it was not filed in good faith and that the plan relies on a funding mechanism that is otherwise forbidden by law and not proposed in good faith. Mr. Petersen notes that the objections made by TPT overlap TPT's adversary proceeding, that they are all core determinations for this Court to make. Mr. Petersen suggests that TPT's objection can be tried fairly quickly at the same time as the adversary.

The Court asks if the Debtor is suggesting that the Court estimate claims for purposes of plan confirmation. Mr. Petersen states that there is no need to estimate the TES claim for confirmation, however, they will need to be estimated for purposes of distributions under the plan. The Court further asks if, and Mr. Petersen agrees that, the TPT claim needs to be estimated for purposes of feasibility and good faith.

Mr. Petersen states that he intends to file a dispositive motion in the adversary case regarding whether TPT has a claim, and states that this needs to be done in order to get to confirmation.

The Court asks Mr. Petersen what procedure he proposes to follow regarding the estimation of TPT's claim. Mr. Petersen proposes that it be done at the same time as the contested confirmation, with a discovery period through the end of January 2020, to deal with the TPT claim, the TPT adversary, and confirmation issues. He further states that whether the preliminary injunction applies or not is a fundamental part of the TPT adversary complaint, and of TPT's objection to confirmation. The Court clarifies that the determination of the claim is different than the estimation process. Mr. Petersen states that it must be determined whether or not TPT has a trade secret, as well as whether the plan relies on a funding mechanism that is otherwise forbidden by law.

Mr. Stevens raises concerns about documents not yet produced with regard to the Intertech entity. The Court states that there is no motion to compel discovery in front of the Court today. Counsel states that the Committee does not want to file a motion to compel, as he and Mr. Petersen are in discussions with regard to a confidentiality agreement and the production of documents thereafter. The Committee believes the requested documents, including contracts referenced at the 2004 examination, are necessary for testing feasibility and understanding the nature of the business. Mr. Stevens raises concerns about the Debtors' valuation of their interest in Intertech.

Mr. Stevens reports that the Committee and the Debtors have begun discussing outstanding

Page 3 of 8

Case 4:19-bk-04406-BMW    Doc 195    Filed 10/24/19    Entered 11/14/19 16:39:09    Desc
Main Document    Page 3 of 8                                                    11/14/2019    4:38:49PM

plan issues.

Mr. Stevens asserts that he does not believe that the case is nearing administrative insolvency, further stating that, if there is value in Intertech, then there should be value over the five-year plan, which supports this assertion.

Discussion proceeds with regard to the Committee's motion to designate. The Committee believes that ATT is a statutory insider, which belief has not been contested by the Debtors. It is the Committee's position that ATT should not be allowed to vote on the plan.

The Court asks why the remaining issues in the motion to designate need to be litigated/resolved if it won't make a difference, given that there are two other impaired accepting classes. Mr. Stevens concedes that it does not make a difference for plan voting. The Court asks if the Committee is requesting a separate hearing on the motion to designate. Mr. Stevens will discuss with his client and Mr. Petersen.

PER THE COURT, NO HEARING WILL BE SET ON THE COMMITTEE'S MOTION TO DESIGNATE AT THIS TIME.

The Court asks the Committee what its position is with regard to the request for a contested evidentiary hearing on plan confirmation. Mr. Stevens believes a 3-day trial in early March 2020, with discovery cutoff in late January 2020 is reasonable. Mr. Stevens adds that he reserves his right to discuss the additional issues raised in the Committee's objection at a later time. Further, Mr. Stevens references the statement on the record at the 2004 examination that the Committee reserves the right to reconvene the 2004 exam once it has received and reviewed the Intertech documents, should the Committee need to ask further questions.

Mr. Nye concurs that the proposed schedule for trial is reasonable to his client.

Mr. Nach concurs that the proposed schedule for trial is reasonable to his client. Mr. Nach raises the issue that there is a proposed confidentiality agreement being discussed with Mr. Stevens and Mr. Petersen. TPT would like the opportunity for its representative to sign off on that confidentiality agreement, and then be allowed to review the discovery. The Court informs Mr. Nach that the Court is only setting a discovery deadline at this time. The Court is not making any determinations about any possible discovery dispute that may exist in this case. Mr. Nach further states that the evidentiary hearing dovetails into TPT's motion for stay relief.

The Court informs the parties that confirmation will not be held up in this case for any other

Page 4 of 8

Case 4:19-bk-04406-BMW    Doc 195    Filed 10/24/19    Entered 11/14/19 16:39:09    Desc
Main Document    Page 4 of 8    11/14/2019    4:38:49PM

litigation. The Court further states that it clearly has the ability to estimate claims for purposes of confirmation, with the understanding that the ultimate determination may take place elsewhere.

THE COURT WILL REVIEW ITS CALENDAR FOR DATES FOR A 3-DAY TRIAL IN MARCH OR APRIL OF 2020. THE COURTROOM DEPUTY WILL CORRESPOND WITH INTERESTED PARTIES TO DETERMINE POSSIBLE HEARING DATES. THEREAFTER, THE COURT WILL ISSUE ITS EVIDENTIARY HEARING SCHEDULING ORDER, WHICH WILL SET FORTH ALL DEADLINES. A CONTINUED STATUS HEARING WILL BE SET APPROXIMATELY TWO WEEKS PRIOR TO THE TRIAL.

**ITEM 2**

Mr. Nach states that he believes that stay relief would allow TPT to follow this Court's order, as the State of Louisiana currently has a matter pending, which involves all non-core issues and which could be ruled on much more quickly in that court. He further states that although the adversary complaint is a core matter, under 11 U.S.C. § 523, those core actions can be ruled upon by this Court after the Louisiana State Court makes a determination on those similar and/or identical issues, presumably within 120-180 days.

The Court seeks clarification as to whether stay relief is being requested to allow TPT to proceed in Louisiana State Court Case Number 130379, for the limited purpose of liquidating the claims, with the treatment of those claims, and the determination as to the dischargeability of those claims, to be determined by this Court. Mr. Hoggatt confirms that the Court's understanding is correct.

Mr. Nach informs the Court that TPT's preliminary injunction was reversed in the Louisiana Court of Appeals, however, a new action has recently been filed in the Louisiana Supreme Court. He states that there is nothing new with the injunction, instead, the new filing relates to the procedural aspect of the injunction.

Mr. Petersen states that there are inconsistencies in the filings made by TPT. He argues that the stay relief motion filed by TPT is not limited to seeking liquidation of its claim. Mr. Petersen raises concerns of an alleged impartiality of the Committee, of which TPT is a member, on the basis of its lack of response in this stay relief matter. Mr. Petersen further states that the adversary complaint says these are core proceedings and core matters to be determined by this Court, but a subsequent motion for stay relief filed by TPT states that none of the claims are core.

Page 5 of 8

Case 4:19-bk-04406-BMW   Doc 195   Filed 10/24/19   Entered 11/14/19 16:39:09   Desc
Main Document   Page 5 of 8   11/14/2019   4:38:49PM

# Minute Entry

(continue)... 4:19-BK-04406-BMW     THURSDAY, OCTOBER 24, 2019 10:00 AM

Mr. Petersen argues that TPT's filing of the petition to the Louisiana Supreme Court, following the overturning of the preliminary injunction by the Louisiana Court of Appeals, is a violation of the automatic stay, in that TPT's motion includes a request that the Supreme Court should find that the preliminary injunction applies to Mr. Crowe. He questions whether the underlying court even has jurisdiction due to the pending petition to the Supreme Court. He states that the Debtors will be filing a motion with this Court regarding the alleged violation of the stay.

Mr. Petersen informs the Court that discovery has not been completed and requests an additional 90 days for discovery. He further asks that this Court liquidate the TPT claim and not abstain from any core issues. He states that it is unlikely, despite TPT's assertion otherwise, that this matter could be heard in the Louisiana State Court as quickly as it could be heard by this Court.

The Court clarifies that, in the context of the adversary, TPT is asking for a finding of liability in the amount of $30 million. Mr. Petersen agrees, and adds that TPT further asked that the liability be nondischargeable. He states that the determination of nondischargeability is a core issue, for which this Court has jurisdiction.

The Court clarifies that the claims need to be liquidated and dischargeability of those claims must be determined, either in this Court or in Louisiana. Mr. Petersen agrees, suggesting that this Court deal with both confirmation and the adversary matter, as the claims were filed here and the right to a jury trial has been waived by Supreme Court case law. He further argues that, if this Court finds that liability exists, a plan will not be confirmable, however, if this Court finds no liability, then essentially there is no claim.

The Court states that the stay relief originally granted was very narrow and allowed for interpretation only. Discussion ensued with Mr. Nach regarding action taken outside the scope of this Court's order. Mr. Petersen clarified that the appeal of the injunction order to the Louisiana Court of Appeals occurred pre-petition, as did all briefing. TPT's filing of a writ with the Louisiana Supreme Court occurred after the Louisiana Court of Appeals issued its post-petition ruling. Mr. Nach believes that the filing of the writ is not a violation of the automatic stay, instead it was necessary, procedurally, to continue the prior injunction.

Mr. Nach states that while this Court is the ultimate judge to determine dischargeability, it is best that the judge in the Louisiana State Court, who is already familiar with the claims in the case, rule on the non-core claims. Mr. Nach further states that he believes that the injunction is enjoined and that there is no stay relief as to injunctions. He recommends that the Supreme Court be told not to rule on the appeal, and for all parties to be put back in the same position

Page 6 of 8

Case 4:19-bk-04406-BMW    Doc 195    Filed 10/24/19    Entered 11/14/19 16:39:09    Desc
Main Document    Page 6 of 8    11/14/2019    4:38:49PM

as there were before the Court of Appeals issued its ruling, if that can be done in Louisiana, with the result that the injunction would be in place. He further states that he believes that the Louisiana State Court can rule on whether or not any other acts taken be Intertech, the Crowes, or any other party are violations of the injunction.

Mr. Hoggatt states that while the Debtors were granted leave by this Court to have the Louisiana State Court determine the scope of the injunction, they did not do so. He states that he only took action to maintain the status quo on the appellate level. Counsel understands that dischargeability is a core issue which belongs in front of this Court. He believes that TPT's underlying claims can be liquidated in the state court, setting aside the validity of the appellate injunction, specifically as to intellectual property, unfair trade practices and fraud. The issue of dischargeability would then be determined by this Court.

In response to the Court's questioning, Mr. Hoggatt clarifies that there are other defendants to the litigation, and that TPT is seeking joint and several liability. Mr. Petersen states that TPT filed a proof of claim, his clients filed an objection, and his clients' interest is limited to what the claim is as to them alone. He raises concerns that hearing this matter in the Louisiana State Court would be to the peril of every other secured and unsecured creditor of this bankruptcy estate. He states that any damage determinations can be separated and sent back to the State Court for TPT to seek joint and several liability for all other named parties except Crowe.

Mr. Petersen raises concerns that a jury trial in the Louisiana State Court would be inappropriate, as the legal determinations should be made in this Court after an evidentiary hearing.

The Court asks the parties if further hearings are necessary. Mr. Nach believes that, if this Court deems it necessary in order to make a better-informed decision, an evidentiary hearing should be held to allow TPT to present evidence as to actions currently pending.

Mr. Petersen states that, if an evidentiary is to be held, he would like it to track plan confirmation.

**ITEM 3**
The Court asks Mr. Nach if he concedes that TPT's complaint is drafted for a determination of liability, a determination of claim amount, and a determination as to nondischargeability. Mr. Nach concedes that this is correct.

Page 7 of 8

Case 4:19-bk-04406-BMW    Doc 195    Filed 10/24/19    Entered 11/14/19 16:39:09    Desc
Main Document    Page 7 of 8                                              11/14/2019   4:38:49PM

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

# Minute Entry

(continue)... 4:19-BK-04406-BMW THURSDAY, OCTOBER 24, 2019 10:00 AM

Mr. Petersen states that the parties have met and conferred and have agreed on an initial disclosure deadline. The Court asks if counsel is proposing that this adversary track the confirmation hearing. Mr. Petersen confirms that proposal, stating that it is the same issue.

Mr. Petersen has filed a proposed unilateral scheduling order and requests that the Court enter a scheduling order. The Defendants have produced items, have made initial disclosures, and are ready to file a motion for summary judgment. It is his understanding that he cannot propound any discovery or file the motion for summary judgment until a scheduling order is entered.

THE COURT ORDERS THAT DISCOVERY IS NOW OPEN TO BOTH PARTIES, FOR AT LEAST THE NEXT 90 DAYS.

Mr. Hoggatt states that the Defendants did in fact request a jury trial, however, the Court clarifies that the Defendants have waived their right to a jury trial.

Mr. Hoggatt informs the Court that the Defendants have filed a motion for suspense of appeal of the finding that Mr. Crowe is in contempt of court for failure to produce discovery. Mr. Petersen clarifies that this relates to a contempt order issued against Mr. Crowe, for which there is criminal penalty and a criminal jail sentence associated with it. Mr. Hoggatt confirms that it is purely a criminal action, therefore, the stay does not apply. Mr. Petersen states that they filed an appeal to protect the criminal rights of Mr. Crowe with regard to this matter.