Bradley J. Stevens – 006723
bstevens@jsslaw.com
Fay W. Bidlack – 026392
fbidlack@jsslaw.com
**JENNINGS, STROUSS & SALMON, P.L.C.**
A Professional Limited Liability Company
One East Washington Street, Suite 1900
Phoenix, Arizona 85004-2554
Telephone: (602) 262-5911
Facsimile: (602) 495-2654

*Attorneys for the Official Committee of Unsecured Creditors*

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| In re: | Chapter 11 Proceedings |
|---|---|
| DAVID K. CROWE and COLLEEN M. CROWE, | Case No. 4:19-bk-04406-BMW |
| Debtors. | **JENNINGS, STROUSS & SALMON, P.L.C.'S REPLY TO DEBTORS' OBJECTION TO FIRST INTERIM FEE APPLICATION FOR COUNSEL OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS** |

Jennings, Strouss & Salmon, PLC ("JSS") hereby files its Reply to Debtors' Objection (Dkt #192) ("Objection") to JSS' First Interim Fee Application for Compensation and Reimbursement of Expenses as Counsel for Official Committee of Unsecured Creditors ("Committee"), filed on October 15, 2019 (Dkt #174), ("Fee Application"). The substance this Reply is set out below.

Debtors raise two central concerns with the Fee Application in their Objection. JSS replies to both of the concerns, as follows:

1. <u>The fees are unreasonable and unsupported</u>.

Debtors complain that the Committee spent excessive time in various categories and

JSS' efforts have not benefited the estate. First, the Fee Application is an interim application seeking the Court's approval of JSS' fees and costs on an interim basis. The ultimate determination of reasonableness and benefit to the estate will be analyzed and ruled on with JSS' anticipated final fee application which will seek an order approving the entirety of the fees and costs on a final basis. So, as a starting point, JSS submits that the Objection is premature and, candidly, unnecessary.

Notwithstanding the interim nature of the Fee Application, JSS contends that the fees and costs sought are appropriate and supportable. Throughout the Objection, Debtors cast aspersions on the Committee and its undersigned counsel as being hopelessly conflicted and not acting appropriately in satisfying our fiduciary duties as Committee members and counsel. That allegation is unfounded, wholly inaccurate and offensive. Counsel has taken extraordinary measures to ensure that the Committee's objectives are for the benefit of the unsecured creditors and not to serve the individual litigation objectives of the Committee members. The undersigned is well-aware of the long, laborious and contentious litigation between Debtors, TPT, TES and Mr. Brew. JSS can avow to the Court that JSS is not beholden to any Committee member, other than in their capacity as unsecured creditors. The Committee members have their own counsel and are well-qualified to prosecute their various litigation matters without the need for the Committee to intervene. JSS is determined to remain neutral in those State Court litigation matters, unless and until circumstances warrant the Committee to act otherwise.

The amount of time spent as reflected in the Fee Application has focused on determining whether the Debtors' Plan is feasible, whether the liquidation analysis accurately reflects the valuation of Debtors' assets, whether the disposable income calculation is fair and reasonable, on whether the amount of the New Value Contribution is reasonable and appropriate under the circumstances of the case, and whether the Plan and

2

Case 4:18-bk-04406-BMW    Doc 200    Filed 11/19/19    Entered 11/19/19 16:54:36    Desc
Main Document    Page 2 of 7

Debtors' actions have been in compliance with the Bankruptcy Code. The Committee's Objection to the Disclosure Statement, the Controverting Fact Statement and the Objection to Plan Confirmation were all reasonable and necessary steps taken to advance these objectives. The necessity and propriety of the Rule 2004 Application cannot be assailed. Clearly, the Committee may take discovery of debtors in Chapter 11 cases. The Motion to Designate Ballots was filed to challenge the statutory insider's (Arizona Turbine Technology "ATT") ability to cast a ballot in voting on the Plan and to challenge the non-statutory insiders' (Kenneth Braccio and Elden Crom) qualifications to vote. As to ATT's ballot, the Debtors have never asserted that ATT's vote was proper and/or that ATT is not a statutory insider. While the Motion was later determined to be moot due to the Debtors' obtaining an impaired accepting class of creditors, the underlying issues in the Motion demonstrate bad faith by the Debtors in violation of § 1129(a)(1), (2) and (3), which will be raised at the final hearing on Plan confirmation.

JSS was placed on notice by Debtors after filing its Application Authorizing the Retention and Employment of JSS of their concerns about the make-up of the Committee and the heightened scrutiny the Debtors would place on JSS' fees and costs. For that reason, even though JSS makes no apologies for the amount of time spent in representing the Committee to date, JSS did voluntarily reduce its total of fees incurred and costs advanced from $76,210.00 to $56,210.00, as reflected in the Fee Application. This was done in anticipation of Debtors' protestations about excessive amounts of time spent and fees incurred, whether such objections were founded or not. JSS submits that even though the objection is not well-founded, the $20,000 voluntary reduction moots out Debtors' criticism on the excessiveness issue.

Debtors complain that, by this stage of the case, the Committee and the Debtors should be in settlement discussions. The Committee agrees. However, due to the Debtors'

unwillingness and delays based on perceived confidentiality concerns to produce the Court-ordered documents as required by the Rule 2004 Order entered on August 27, 2019 (Dkt #141) (see Exhibit A to the Committee's Objection to Debtors' Amended Plan, Dkt # 160, page 1 – 3), settlement progress has been stalled. Before the Committee can engage in meaningful, fact-based settlement negotiations, it needs to receive, review and analyze all documents relevant to the crucial issue of Plan feasibility. Once those documents have been produced and analyzed, settlement discussions will take place. This issue has been discussed on several occasions between Debtors' counsel and the undersigned. The Debtors know full well what is delaying progress in the case.

2. <u>The Committee and its counsel have not met their fiduciary obligations to all creditors.</u>

The undersigned takes his fiduciary obligations very seriously. Contrary to the inflammatory allegation, the Committee and the undersigned have been properly engaged in determining whether the Plan is confirmable since the Committee's formation (June 7, 2019) and the undersigned's appointment as counsel (June 27, 2019). The Committee members' individual litigation motivations have been kept separate and apart in the Committee's meetings and strategy discussions. In order for there to be any return to unsecured creditors, the basic beginning point has to be a confirmable Plan. Whether the current Plan can be confirmed in its present form is precisely the issue the Committee has been investigating and probing since June 27, 2019.

Debtors criticize the Committee and the undersigned for failure to file an opposition to TPT's Motion for Relief from Automatic Stay to enable TPT to resume its litigation efforts against Debtors in Louisiana. This criticism is very curious. First, why would granting stay relief decisively result in an adverse ruling against the Debtors in the underlying Louisiana State Court litigation? The Debtors have competent counsel and will

4

Case 4:19-bk-04406-BMW    Doc 200    Filed 11/19/19    Entered 11/19/19 16:54:36    Desc
Main Document    Page 4 of 7

undoubtedly put on a vigorous defense of the claims asserted by TPT in that State Court litigation should stay relief be granted. The Committee's filing of an opposition to the Motion would have no impact on the Louisiana proceedings. Why are the Debtors so preoccupied about having to return to Louisiana to litigate those state law questions? Are they not certain of their position and are they fearful of not prevailing?

Second, until the Committee has determined whether the Plan is feasible, it should not be promoting the Plan or taking a position on its confirmability or success by filing pleadings to that effect in the chapter 11 case. The Committee has not been able to so determine due to the Debtors' failure to produce the feasibility documents, as they have been under Court order to do since August 27, 2019.

Third, Debtors' position places the Committee and the undersigned in a complete "Catch 22". The undersigned is very keen on not taking sides on the individual Committee members' litigation matters with the Debtors. Based on the Debtors' Reservation of Rights with Regard to the Retention and Employment of JSS, it would appear that the Debtors would have been more critical of the Committee and the undersigned had we taken a position for or against TPT. Debtors' inconsistency on this point is mind boggling.

Debtors also set out four bullet point criticisms of the Committee and counsel for not taking actions against Committee members – (a) in support of Debtors regarding the preliminary injunction dispute in Louisiana; (b) TES' success in lifting the automatic stay and how that may impact the increasing amount of its claim in this case; (c) the failure of TPT to establish a trade secret claim against Debtors and TES; and (d) an undisclosed "cooperation provision" in a TPT/TES settlement agreement, which the undersigned has not seen, that the Debtors suggest further compromises the Committee and JSS. Again, these four issues are relevant and critical to those individual Committee members but are not to the unsecured creditor constituency. JSS submits that if the Committee were to become engaged

in these five matters, then assuredly its fees and costs would increase, which would result in the Debtors criticizing the Committee for incurring legal fees for work beyond the scope and purposes of the Committee.

It would appear that the Debtors, hypocritically, are asking the Committee to take a more active role in supporting the Debtors, individually, in their State Court litigation matters while at the same time falsely castigating the Committee for being too beholden to the individual members of the Committee. Again, until established otherwise, the Committee and the undersigned intend to remain neutral on these State Court litigation matters. It was the undersigned's understanding that the Debtors insisted that the Committee not take positions for or against the Committee members or the Debtors to ensure that its credibility and fiduciary duties be maintained.

WHEREFORE, JSS respectfully requests that the Court enter its Order overruling the Objection and granting the Fee Application in the full amount requested, $56,210.00. JSS defers to the Court whether the amount requested should be reduced and whether, if fees and costs are allowed in any amount determined by the Court, that the interim fee award await final determination by the Court.

RESPECTFULLY SUBMITTED this 19th day of November, 2019.

JENNINGS, STROUSS & SALMON, P.L.C.

By: */s/ Bradley J. Stevens*
Bradley J. Stevens
Fay W. Bidlack
*Attorneys for the Official Committee of Unsecured Creditors*

COPIES of the foregoing delivered this 19th day of November, 2019 via the Court's CM/ECF system on all parties requesting notice.

COPIES of the foregoing e-mailed this 19th day of November, 2019 to the following:

Frederick J. Petersen
Isaac D. Rothschild
Mesch Clark & Rothschild, PC
259 N. Meyer Ave.
Tucson, AZ 85701
ecfbk@mcrazlaw.com
*Attorneys for Debtors*

Kasey C. Nye
Waterfall, Economidis, Caldwell Hanshaw and Villamana
5210 E. Williams Circle Suite 800
Tucson, AZ 85711
knye@waterfallattorneys.com
*Attorneys for Tucson Embedded Systems, Inc.*

Adam B. Nach
Lane & Nach, P.C.
2001 E. Campbell Avenue, Suite 103
Phoenix, AZ 85016
adam.nach@lane-nach.com
*Attorneys for Turbine Powered Technology, LLC*

Edward K. Bernatavicius
Office of the U.S. Trustee
230 N. First Ave., Suite 204
Phoenix, AZ 85003
edward.k.bernatavicius@usdoj.gov
*Attorney for U.S. Trustee*

/s/ Linda Bourland