# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

# Minute Entry

## *Hearing Information:*

|  |  |
|---|---|
| **Debtor:** | DAVID K. & COLLEEN M CROWE |
| **Case Number:** | 4:19-BK-04406-BMW    **Chapter:** 11 |
| **Date / Time / Room:** | WEDNESDAY, JANUARY 22, 2020 11:00 AM   COURTROOM 446 |
| **Bankruptcy Judge:** | BRENDA M. WHINERY |
| **Courtroom Clerk:** | REBECCA VOLZ |
| **Reporter / ECR:** | LATOSHA TRIPP |

## *Matters:*

1) ADV: 4-19-00260

   **Turbine Powered Technology, LLC vs DAVID K. CROWE**

   STATUS HEARING RE: ADVERSARY PROCEEDING

   R / M #:   1 / 0

2) ADV: 4-19-00260

   **Turbine Powered Technology, LLC vs DAVID K. CROWE**

   MOTION TO 1) ABSTAIN OR, ALTERNATIVELY, STAY ADVERSARY PROCEEDING AND (2) TO CONTINUE DEADLINES

   R / M #:   10 / 0

3) ADV: 4-19-00260

   **Turbine Powered Technology, LLC vs DAVID K. CROWE**

   AMENDED MOTION TO FILE CONFIDENTIAL INFORMATION AND DOCUMENTS UNDER SEAL (SET ON THE COURT'S OWN MOTION)

   R / M #:   33 / 0

4) STATUS HEARING RE: CONFIRMATION OF DEBTORS' FIRST AMENDED CHAPTER 11 PLAN DATED 08/02/2019

   R / M #:   129 / 0

5) STATUS HEARING ON THE MOTION FOR RELIEF FROM STAY FILED BY TURBINE POWERED TECHNOLOGY, LLC RE: LITIGATION IN LOUISIANA STATE COURT (CASE NO. 130379 DIV. F)

   R / M #:   144 / 0

6) DEBTORS' MOTION FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY

   R / M #:   194 / 0

7) JENNINGS, STROUSS & SALMON, P.L.C.'S FIRST INTERIM FEE APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AS COUNSEL FOR OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND OBJECTION THERETO

   R / M #:   174 / 0

## *Appearances:*

# Minute Entry

(continue)...　4:19-BK-04406-BMW　　　　　WEDNESDAY, JANUARY 22, 2020 11:00 AM

ADAM NACH, REPRESENTING TURBINE POWER TECHNOLOGY, LLC ("TPT") AND APPEARING IN PERSON
TED MCINTYRE, TURBINE POWER TECHNOLOGY, LLC, APPEARING IN PERSON
HOLDEN HOGGATT, REPRESENTING TURBINE POWER TECHNOLOGY, LLC AND APPEARING IN PERSON
DAN PANAGIOTIS, REPRESENTING TURBINE POWER TECHNOLOGY, LLC AND APPEARING IN PERSON
KASEY NYE, REPRESENTING TUCSON EMBEDDED SYSTEMS, INC. ("TES") AND APPEARING IN PERSON
TODD JACKSON, REPRESENTING TUCSON EMBEDDED SYSTEMS, INC. AND APPEARING IN PERSON
BRADLEY STEVENS, REPRESENTING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND APPEARING IN PERSON
FRED PETERSEN, REPRESENTING DAVID AND COLLEEN CROWE AND APPEARING IN PERSON
ALEX WINKELMAN, REPRESENTING DAVID AND COLLEEN CROWE AND APPEARING IN PERSON
DAVID CROWE, APPEARING IN PERSON
COLLEEN CROWE, APPEARING IN PERSON
C.R. HYDE, REPRESENTING ARIZONA TURBINE TECHNOLOGY, INC. IN CASE NO. 4:19-bk-15914-BMW AND APPEARING BY TELEPHONE
JIM SAMUELSON, REPRESENTING TRUDY NOWAK IN CASE NO. 4:19-bk-15914-BMW AND APPEARING BY TELEPHONE

Page 2 of 10

Case 4:19-bk-04406-BMW　　Doc 223　　Filed 01/22/20　　Entered 02/06/20 17:59:53　　Desc
Main Document　　Page 2 of 10　　　　　　　　　02/06/2020　5:59:34PM

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA
# Minute Entry

(continue)... 4:19-BK-04406-BMW         WEDNESDAY, JANUARY 22, 2020 11:00 AM

## *Proceedings:*

ITEM 1: STATUS HEARING RE: ADVERSARY PROCEEDING

ITEM 2: MOTION TO 1) ABSTAIN OR, ALTERNATIVELY, STAY ADVERSARY PROCEEDING AND (2) TO CONTINUE DEADLINES

ITEM 3: AMENDED MOTION TO FILE CONFIDENTIAL INFORMATION AND DOCUMENTS UNDER SEAL (SET ON THE COURT'S OWN MOTION)

ITEM 4: STATUS HEARING RE: CONFIRMATION OF DEBTORS' FIRST AMENDED CHAPTER 11 PLAN DATED 08/02/2019

ITEM 5: STATUS HEARING ON THE MOTION FOR RELIEF FROM STAY FILED BY TURBINE POWERED TECHNOLOGY, LLC RE: LITIGATION IN LOUISIANA STATE COURT (CASE NO. 130379 DIV. F)

ITEM 6: DEBTORS' MOTION FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY

ITEM 7: JENNINGS, STROUSS & SALMON, P.L.C.'S FIRST INTERIM FEE APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AS COUNSEL FOR OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND OBJECTION THERETO

**ITEMS 1, 4, AND 5**
Mr. Petersen updates the Court. The Court approved the debtors' disclosure statement and there are plan objections from TPT, TES, the Committee, and Mr. Brew. The debtors previously requested an evidentiary plan confirmation hearing in March or April. The debtors served discovery on TPT on 11/20/19. TPT has refused to participate in discovery until this Court rules with respect to its Motion for Relief from Stay. TPT's unilateral decision to not participate in discovery should not prevent the debtors from going forward. The debtors are still requesting an evidentiary hearing in April for plan confirmation. The Motion to Compel and the Motion for Summary Judgment in the adversary case need to be heard by this Court prior to the evidentiary plan confirmation hearing.

The Court states that there is some overlay. This Court had previously discussed how evidence would proceed if the adversary was not determined prior to the evidentiary plan confirmation hearing. Would claims estimation be needed in order to get through plan confirmation?

Mr. Petersen argues that there is a central issue that needs to be determined which affects the proof of claim, the plan objection, and the adversary. TPT asserts that a trade secret was

stolen. Once the Court determines whether a trade secret was stolen, then the debtors can proceed with plan confirmation. If this Court determines that a trade secret was stolen, then the claim can be liquidated here or in Louisiana or the claim can be estimated. If the Court determines that there is not a trade secret, then the plan objection and adversary are resolved.

Mr. Stevens addresses the Court. He discusses his concerns with respect to discovery and plan confirmation. There are outstanding requests for production.

Mr. Petersen reports that the debtors have produced the requested documents. There are no outstanding discovery requests.

Mr. Stevens argues that there are still outstanding requests to produce. All of the information requested relates to feasibility and plan confirmation. He requested the production of promissory notes at the deposition back in September. The debtors claim that the Notes cannot be produced because there is confidential information. The parties have discussed a confidentiality agreement, but no agreement has been provided by the debtors. The Committee received the redacted Notes in January 2020. The Committee has requested field tickets to examine whether the debtors' business, Intertech, will be successful. The plan is funded by the debtor's salary from Intertech and it is imperative that the Committee assess whether the business is viable. The information that was recently produced requires a lot of follow up. The 2004 exam will be reconvened and/or there will need to be additional production.

The Court asks how much time Mr. Stevens is requesting to complete discovery. The debtors are requesting a three day evidentiary hearing in April.

Mr. Stevens requests another 90 days for completion of discovery.

Mr. Petersen states that he has not been contacted by Mr. Stevens for any additional information. The parties should be able to work out any discovery disputes. 90 days is excessive. The debtors filed their plan in May 2019 and have a right to get through this bankruptcy as soon as possible.

The Court states that if a trial date is set, then the scheduling order will contain the discovery cutoff date.

COURT: THE DEBTORS AND THE COMMITTEE ARE TO MEET AND CONFER REGARDING THE OUTSTANDING DISCOVERY REQUESTS. IF NEEDED, THE COMMITTEE MAY FILE ITS MOTION TO COMPEL.

Page 4 of 10

Case 4:19-bk-04406-BMW    Doc 223    Filed 01/22/20    Entered 02/06/20 17:59:53    Desc
Main Document    Page 4 of 10    02/06/2020    5:59:34PM

**ITEMS 1, 2, 3, AND 5**

Mr. Petersen states that the debtors filed their Answer. TPT is refusing to participate in discovery and is not prosecuting the adversary. The debtors need to take a few more depositions. He requests that the Court set the Motion for Summary Judgment (dkt. 18) and the Motion to Compel (dkt. 41) for hearing.

The Court summarizes the pending motions. The Motion for Summary Judgment (dkt. 18) has been fully briefed. The Motion to Compel (dkt. 41) is pending. There is a Motion to File Documents Under Seal (dkt. 33) which relates to TPT's Statement of Fact for the summary judgment motion. The Motion to Abstain (dkt. 10) is pending. There is a Motion to Postpone Ruling (dkt. 28) pending. The Motion to Abstain and the Motion to File Under Seal are on calendar today. Hearings have been requested for the Motion for Summary Judgment and the Motion to Compel. No hearing has been requested with respect to the Motion to Postpone Ruling. The Motion to Postpone Ruling requests that this Court determine the Motion to Abstain and/or the Motion for Relief from Stay before ruling with respect to the Motion for Summary Judgment.

Mr. Petersen states that the debtors are ready to move forward. The adversary trial should be set concurrently with the evidentiary plan confirmation hearing. It will be the same witnesses and the same facts. The summary judgment should be determined first.

Mr. Nach requests that this Court determine the Motion to Abstain in the adversary and the Motion for Relief from Stay in the administrative case first. Not all of the witnesses reside in Arizona. The trial in Louisiana that was set for March 2020 has been continued until November 2020. That trial concerns the non-debtor parties. TPT filed this adversary and filed a claim. TPT has submitted to this Court's jurisdiction but TPT maintains that the Louisiana court should determine this dispute. This case has been pending in Louisiana since 2016. This Court needs to rule with respect to nondischargeability and allowance of claims but all other issues should be determined in Louisiana.

The Court states that trial is not set in Louisiana until November 2020. There is a Motion for Summary Judgment pending before this Court now, that can be heard within a few months. How is it expeditious to have matters proceed in Louisiana when nothing will be determined until after November 2020? It will be much easier to proceed with this bankruptcy once the Motion for Summary Judgment is determined either way. This Court does not know what is pending in Louisiana so it is not clear what will happen if this Court abstains. If this Court rules in favor of Mr. Petersen on the Motion for Summary Judgment, then this case can move to plan confirmation. If this Court does not rule in favor of Mr. Petersen on the Motion for

Summary Judgment, then the adversary proceeds to trial.

Mr. Nach states that he believes it is most efficient to have this Court go forward with the plan. TPT's claim can be estimated for plan confirmation purposes. All other matters should go forward in Louisiana. More discovery will be needed if all of the issues go forward in Arizona. If the matters go forward in Louisiana, then the Louisiana court's findings of facts and conclusions of law can be the basis for this Court's determination with respect to allowance and dischargeability.

The Court states that nondischargeability and allowance of claims will have to be determined in this Court regardless of where the claim is liquidated. The Court asks for an update regarding the Louisiana litigation. What litigation is pending in each Louisiana court? What is the status of each piece of litigation? Are trials set? If so, when? Are oral arguments set? If so, when? Are there summary judgment motions pending? What is the status of those motions?

Mr. Hoggatt states that all of the other cases have been stayed pending the outcome of the litigation in one Louisiana state court case. There is currently only one active case. Mr. Hoggatt states that he will file the status report by Friday (on or before 01/24/20). It will be more efficient to go forward in Louisiana because discovery disputes have already been determined by the Louisiana court and it will save the bankruptcy estate the Arizona court costs.

The Court asks why the parties need discovery in order define the trade secret and explain how the trade secret was violated or misappropriated.

Mr. Hoggatt states that he will be able to answer those questions as soon as there is a ruling regarding the Motion to File Under Seal.

Mr. Petersen argues that this Court should determine all of the outstanding issues. This Court will get to trial quicker than the Louisiana court. Even if part of the litigation is determined by the Louisiana court, then the parties still have to come back before this Court to obtain a ruling with respect to the allowance of claims and nondischargeability. The Louisiana litigation is being tried before a jury. There may or may not be useful findings and conclusions from the Louisiana court. He discusses correspondence received from counsel for TPT. He argues that TPT wants to proceed in Louisiana because TPT is seeking a permanent injunction against the debtor to prevent him from working. If the debtor is unable to work, then the debtors will not be able to fund this plan. The Committee should be arguing in the best interest of creditors and the best interest of creditors requires the speediest, least expensive solution. The Committee is compromised because TPT is a member of the Committee. This Court should not abstain or grant stay relief.

Page 6 of 10

Case 4:19-bk-04406-BMW    Doc 223    Filed 01/22/20    Entered 02/06/20 17:59:53    Desc
Main Document     Page 6 of 10        02/06/2020    5:59:34PM

Mr. Hoggatt confirms that a permanent injunction against the debtor was sought in the original state court petition.

The Court asks about the relief being requested. What relief is TPT seeking through the Louisiana litigation if this Court abstains and/or lifts the stay? What affirmative relief is being sought, if any?

Mr. Hoggatt reports that TPT wants the Louisiana court to liquidate its claim. Once the claim is liquidated, TPT will come back before this Court for a determination regarding the allowance of the claim and nondischargeability. There are also fraud claims. TPT wants to proceed in Louisiana in order to avoid inconsistent outcomes among the various defendants. TPT is prepared to produce the documents regarding the trade secret. He will obtain an order from Louisiana state court which will allow him to produce the confidential documents for this Court. Louisiana state law will need to be applied.

The Court states that it applies state law all of the time so that is not a concern. Are any final orders or final judgments in the Louisiana litigation?

Mr. Hoggatt states that there are some final orders.

COURT: COUNSEL FOR TPT IS TO FILE THE STATUS REPORT BY FRIDAY (ON OR BEFORE 01/24/20). THE STATUS REPORT IS TO CONTAIN THE CURRENT STATUS OF THE PROCEEDINGS AND WHAT IS PENDING. A COPY OF THE DOCKET SHEET IS TO BE ATTACHED.

Mr. Nach clarifies the record. TPT is seeking for this Court to abstain and/or for stay relief in order to liquidate the claim and pursue a permanent injunction against the debtor in Louisiana state court.

COURT: THE COURT WILL CONSIDER THE MOTION TO ABSTAIN AND THE MOTION FOR RELIEF FROM STAY FURTHER. NO FURTHER HEARINGS WILL BE SET TODAY.

**ITEM 3**

The Court states that the Motion to File Under Seal does not comply with Local Rule 5005-6. There is no declaration and none of the documents were uploaded. Chambers was informed that the supporting documents weren't uploaded because it requires thousands of pages of code. How are pages of code useful to this Court without an expert to interpret that information? How does this Court rule on a Motion to File Under Seal without any information?

Page 7 of 10

Case 4:19-bk-04406-BMW    Doc 223    Filed 01/22/20    Entered 02/06/20 17:59:53    Desc
Main Document    Page 7 of 10                                02/06/2020  5:59:34PM

Mr. Hoggatt requests permission to file an amended motion in order to cure the deficiencies.

The Court states that no definition of the trade secret has been provided which is a big concern. Mr. Petersen's motion refers to it as an invention. TPT uses a couple of different terms. It seems the motion is seeking restrict the access of even court personnel. When electronically filed pursuant to the Local Rules, the information is not available to the public, but it is available to court personnel.

Mr. Petersen discusses his concerns. Any production needs to comply with the protective order in Louisiana. It sounds as if the information TPT is seeking to file actually belongs to TES and it is unclear if TES has given consent.

COURT: NO FURTHER HEARINGS WILL BE SET WITH RESPECT TO THE MOTION TO FILE UNDER SEAL. COUNSEL FOR TPT IS TO SUPPLEMENT OR AMEND THE MOTION TO FILE UNDER SEAL. THE SUPPLEMENT OR AMENDED MOTION IS TO ADDRESS MR. PETERSEN'S OBJECTIONS. IF A HEARING IS STILL NEEDED THEREAFTER, THEN EITHER PARTY MAY CONTACT THE COURTROOM DEPUTY TO REQUEST THAT HEARING.

Mr. Hoggatt discusses a confidentiality agreement.

The Court states that it will not issue a confidentiality agreement. If the parties want to propose a confidentiality agreement, then it will be considered.

Mr. Jackson states that his client would like to be included with respect to anything that concerns TES. He would like to receive copies of anything that will be filed.

Mr. Hoggatt and Mr. Nach agree to provide copies of what will be submitted.


**ITEM 6**
Mr. Petersen reports that the Motion for Sanctions is fully briefed. Evidence will be needed with respect to damages.

The Court asks about procedure. Are oral arguments needed to determine whether there was a stay violation? Or can this Court make a determination based on the briefing?

Mr. Petersen states that the debtors will stand on the pleadings. He argues that there was a clear violation of the stay which damaged the debtors. Some discovery will be needed before evidence is heard regarding damages.

Page 8 of 10

Case 4:19-bk-04406-BMW    Doc 223    Filed 01/22/20    Entered 02/06/20 17:59:53    Desc
Main Document    Page 8 of 10    02/06/2020    5:59:34PM

Mr. Nach argues that evidence would be needed to determine whether there was a stay violation and, if so, whether the stay violation was willful.

Mr. Panagiotis addresses the Court. There was never any intent to violate the stay order. The tasks performed were administrative tasks that maintained the status quo. The Louisiana appellate court actually violated the stay.

COURT: THE MOTION FOR SANCTIONS FOR VIOLATION OF THE STAY WILL BE REVIEWED FURTHER. THE COURT WILL DETERMINE IF EVIDENCE IS NEEDED WITH RESPECT TO WHETHER THE STAY WAS VIOLATED. IF EVIDENCE IS NEEDED, THEN THE COURT WILL HEAR EVIDENCE WITH RESPECT TO THE STAY VIOLATION AND DAMAGES AT THE SAME TIME.

**ITEM 7**
Mr. Stevens reports that only the debtors objected to the interim fee application.

Mr. Petersen reports that the main objection concerns reasonableness.

The Court asks if Mr. Stevens is seeking payment at this time. Is there any amount of the fee application that is not in dispute which can be paid now?

Mr. Petersen states that he hasn't received a request from Mr. Stevens to consider undisputed amounts. He can review the application again to see if there are undisputed amounts. The debtors don't oppose allowing the application on an interim basis with the debtors' objections preserved to be determined at a later date.

COURT: A CONTINUED HEARING WITH RESPECT TO THE INTERIM FEE APPLICATION WILL BE SET. IF THE PARTIES ARE ABLE TO REACH A RESOLUTION, THEN A STIPULATED ORDER MAY BE UPLOADED FOR THE COURT'S CONSIDERATION.

**ITEMS 1, 2, 4, 5, 6, AND 7**
COURT: NO CONTINUED HEARINGS WILL BE SET TODAY. THE COURT WILL REVIEW ITS CALENDAR FOR CONTINUED HEARING DATES AND TRIAL DATES. THE COURTROOM DEPUTY WILL CONTACT THE PARTIES ONCE POTENTIAL DATES FOR EVIDENCE HAVE BEEN IDENTIFIED. IN ADDITION TO THE ITEMS ON TODAY'S CALENDAR, THE COURT WILL ALSO FIND TIME TO HEAR THE MOTION FOR SUMMARY JUDGMENT AND MOTION TO COMPEL. DISCOVERY IS STILL OPEN. THE SCHEDULING ORDERS WILL CONTAIN THE DISCOVERY CUTOFF DATES.

Page 9 of 10

Case 4:19-bk-04406-BMW    Doc 223    Filed 01/22/20    Entered 02/06/20 17:59:53    Desc
Main Document    Page 9 of 10      02/06/2020   5:59:34PM

FOR THE DISTRICT OF ARIZONA

# Minute Entry

(continue)... 4:19-BK-04406-BMW  WEDNESDAY, JANUARY 22, 2020 11:00 AM

Mr. Petersen states that he is concerned about TPT's lack of candor with the Court. He may be issuing a Rule 11 letter.