# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA
# Minute Entry

## Hearing Information:

| | |
|---|---|
| **Debtor:** | DAVID K. & COLLEEN M CROWE |
| **Case Number:** | 4:19-BK-04406-BMW  **Chapter:** 11 |
| **Date / Time / Room:** | TUESDAY, FEBRUARY 15, 2022 01:30 PM   VIDEO CONF HRGS |
| **Bankruptcy Judge:** | BRENDA M. WHINERY |
| **Courtroom Clerk:** | REBECCA VOLZ |
| **Reporter / ECR:** | SHARON GIFFORD |

## Matter:

STATUS HEARING RE: JOINT MOTION TO COMPROMISE AND SETTLE CLAIMS OF AND AGAINST THE ESTATE AND OBJECTION THERETO (SET AT HEARING HELD 01/19/22) (RESCHEDULED FROM 02/08/22)

**R / M #:**   482 / 0

## Appearances:

FRED PETERSEN, REPRESENTING DAVID AND COLLEEN CROWE AND APPEARING BY VIDEOCONFERENCE
DAVID CROWE, APPEARING BY VIDEOCONFERENCE
HELEN SANTILLI, REPRESENTING TURBINE POWERED TECHNOLOGY, LLC ("TPT") AND APPEARING BY VIDEOCONFERENCE
ADAM NACH, REPRESENTING TURBINE POWERED TECHNOLOGY, LLC AND APPEARING BY VIDEOCONFERENCE
TED MCINTYRE, TURBINE POWERED TECHNOLOGY, LLC, APPEARING BY VIDEOCONFERENCE
JEFF STARY, TURBINE POWERED TECHNOLOGY, LLC, APPEARING BY VIDEOCONFERENCE
KASEY NYE, REPRESENTING TUCSON EMBEDDED SYSTEMS ("TES") AND APPEARING BY VIDEOCONFERENCE

# Minute Entry

(continue)...　　4:19-BK-04406-BMW　　　　　　TUESDAY, FEBRUARY 15, 2022 01:30 PM

## *Proceedings:*

Mr. Petersen discusses the history of this case and argues in support of the settlement. This settlement is in the best interests of the creditors and the debtors. This is a global resolution that resolves all outstanding disputes between the debtors and Turbine Powered Technology, LLC ("TPT"). This settlement liquidates TPT's claim and defines the parties' rights and properties. Avoiding further litigation between the parties will save hundreds of thousands in administrative expenses allowing the debtors to implement their plan and pay creditors. Tucson Embedded Systems ("TES") has two objections to the proposed settlement. The first is an objection with respect to the agreement between TES and TPT. The debtors are not a party to that agreement and that agreement is not before this Court and therefore the objection should be overruled. The second objection raised by TES concerns the amount of the allowed TPT claim. The amount of the TPT claim ensures that TPT will receive the majority of the funds disbursed to unsecured creditors. The debtors indicated at the August 10, 2021 hearing that if this Court granted stay relief for liquidation of TPT's claim, then TPT's claim would likely be allowed in full because the debtors did not have the resources to litigate the claim in Louisiana. TES should have raised any objections regarding the potential amount of the TPT claim at confirmation or in conjunction with stay relief, but TES did not timely raise the objection and therefore the objection should be overruled. He requests that the Court approve the settlement.

Ms. Santilli argues in support of the settlement. The objection raised with respect to the release is irrelevant as the release expressly states that the conduct giving rise to the TPT claim occurred outside the scope of Mr. Crowe's employment with TES. She discusses case law and argues that recovery to unsecured creditors is not a factor in determining whether a 9019 motion should be approved.

**1:41 P.M.**
Mr. Nye responds and argues that this settlement should not be approved. This settlement references and incorporates the agreement between TPT and TES as to certain intellectual property rights which brings the agreement between TPT and TES before this Court. Ms. Santilli indicated that there is no dispute that the conduct giving rise to the TPT claim occurred outside the scope of Mr. Crowe's employment with TES. TES and TPT certainly agree that the conduct giving rise to the TPT claim occurred outside the scope of Mr. Crowe's employment with TES. That component is significant to potential claims by the debtors against TES with respect to the indemnity claim. His client is seeking language in the order regarding that component.

The Court ask for clarification. Is counsel referring to the language at the bottom of page two? The agreements speak for themselves.

Mr. Nye confirms that he is referring to the language at the bottom of page two. TES is trying to protect its position.

The Court states that it appears that TES is trying to insert a recital into an agreement between the Crowes and TPT relating to TES even though TES is not a party to the agreement. Is that correct?

Mr. Nye states that the Court's understanding is correct. Without the recitation, there may be issues for TES and TPT to litigate down the road. His client did not raise objections regarding the amount of TPT's claim preconfirmation because the parties were fighting about discovery and location and it appeared that TES's executives would be witnesses in any litigation to determine the amount of TPT's claim. Once the plan was confirmed, the amount of exposure for the debtors was liquidated to approximately $260,000.00. Nothing has been provided to the creditor body to support the amount of TPT's claim which will overwhelm the class. The debtors do not have a pecuniary interest in litigating the amount of the claim and TPT's interest is best served by allowing the claim as filed. There is not enough in the record to support the amount of TPT's claimed damages.

Mr. Petersen responds. The potential outcomes of stay relief were discussed at the August 10, 2021 hearing and the plan was confirmed six months prior to the August 10, 2021 hearing. The Court has the right to consider the entire record in order to make a determination. There is enough in the record to allow the Court to approve this settlement.

Ms. Santilli states that TPT has asserted the same claim since the beginning of this case. No additional evidence is necessary.

Mr. Nye argues that the supporting documentation attached to the filed claim is in the form of a complaint. There are also declarations from Mr. McIntyre. If this were a default, then a level of prove-up would likely be required. The other creditors of this estate have had little opportunity to consider or participate in the litigation. It would be reasonable to require something more than what is in the record at this time.

The Court notes for the record that no other creditor has raised concerns regarding this proposed settlement.

**1:55 P.M.**
The Court issues its ruling on the record.

COURT: BASED UPON SUCH RULING, THE COURT DETERMINES THAT THE CROWES AND TPT

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA
# Minute Entry

(continue)...   4:19-BK-04406-BMW         TUESDAY, FEBRUARY 15, 2022 01:30 PM

HAVE MET THE BURDEN FOR ESTABLISHING THAT THE SETTLEMENT IS FAIR, REASONABLE, AND IN THE BEST INTERESTS OF CREDITORS AND SHOULD BE APPROVED. THE OBJECTION OF TES IS OVERRULED IN ITS ENTIRETY AND THE MOTION IS GRANTED. MR. PETERSEN IS TO UPLOAD A FORM OF ORDER FOR THE COURT'S CONSIDERATION.

Mr. Petersen states that given the Court's ruling today, the hearing scheduled for next week can be vacated as all of those matters are now moot.

Ms. Santilli agrees that the hearing can be vacated.

Mr. Nye agrees that the hearing can be vacated.

COURT: THE FEBRUARY 23, 2022 HEARING IS VACATED.